IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| ROBERT A. MILLER, | ) | CASE NO. 1:16 CV 1392 |
|---|---|---|
| Plaintiff, | ) ) ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action by Robert A. Miller under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders, the parties have

---

[1] ECF # 15. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 11.

[4] ECF # 12.

[5] ECF # 7.

[6] ECF # 16.

briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

## Facts

**A.     Background facts and decision of the Administrative Law Judge ("ALJ")**

Miller, who was 38 years old at the time of the administrative hearing[11] has a high school education[12] and is married with two children, one is a minor.[13] His past relevant employment history includes work as a general excavating laborer and carpenter apprentice.[14]

The ALJ, whose decision became the final decision of the Commissioner, found that Miller had the following severe impairment: cervical degenerative disc disease with radiculopathy (20 CFR 404.1520(c)).[15]

---

[7] ECF # 27 (Commissioner's brief); ECF # 22 (Miller's brief) ECF # 28 (Miller's reply brief).

[8] ECF # 27-1 (Commissioner's charts); ECF # 22-1 (Miller's charts).

[9] ECF # 21 (Miller's fact sheet).

[10] ECF # 30.

[11] ECF # 12, Transcript ("Tr.") at 39.

[12] *Id*. at 19.

[13] *Id*. at 40.

[14] *Id*. at 18.

[15] *Id*. at 14.

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Miller's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c), except that he should never climb ladders, ropes, or scaffolds; but he could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl.[16]

Given that residual functional capacity, the ALJ found Miller incapable of performing his past relevant work as a general excavating laborer and carpenter apprentice.[17]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Miller could perform.[18] The ALJ, therefore, found Miller not under a disability.[19]

**B.  Issues on judicial review**

Miller asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Miller presents the following issue for judicial review:

---

[16] *Id.* at 16.

[17] *Id.* at 18.

[18] *Id.* at 19.

[19] *Id.* at 20.

- Whether the ALJ's decision to not call on a medical expert in a case where onset date must be inferred was supported by substantial evidence.[20]

For the reasons that follow, I will conclude that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

**A.     Substantial evidence standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[21]

---

[20] ECF # 22 at 3.

[21] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[22] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[23]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.      Application of standard**

Miller contends that the ALJ should have called a medical expert (ME) to determine if his common variable immune disease (CVID), which the ALJ found was not diagnosed until 2012,[24] or two years after September 30, 2010, his date last insured,[25] actually predated the date last insured but remained undiagnosed.[26] As a related issue, Miller argues that because CVID is a rare diagnosis and often is not discerned in clinical settings, the ALJ should have called an ME so as to testify as to the symptoms and course of the disease.[27]

---

[22] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[23] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[24] Tr. at 15.

[25] *Id*. at 14.

[26] ECF # 22 at 5-6.

[27] *Id*. at 6-11.

As both parties recognize, there is a predicate issue here which concerns whether SSR 83-20 applies in the context of the present case. SSR 83-20 - which governs what an ALJ must consider in determining an onset date for an impairment[28] - provides that with "slowly progressing impairments" a onset date "prior to the date of the first recorded medical examination" may be "inferred" from the evidence based on an "informed judgment" about the facts in a particular case.[29] To that end, SSR 83-20 states that "[a]t the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor *when onset must be inferred*."[30]

I have twice had the recent occasion to examine SSR 83-20. In *Velez*, I noted that this ruling "only applies when there has been a finding of disability and it is necessary to determine when the disability began."[31] Just one month later, in *Polacek v. Commissioner of Social Security,*[32] I noted, like here, that the claimant and the Commissioner "had expended significant resources on whether SSR 83-20 is or should be invoked only after

---

[28] *Velez v. Comm'r of Soc. Sec.,* No. 1:15 CV 2659, 2017 WL 661651, at * 6 (N.D. Ohio February 17, 2017).

[29] SSR 83-20.

[30] *Id*. (emphasis added).

[31] *Velez,* 2017 WL 6611651, at * 6 (citing *Clendering v. Comm'r of Soc. Sec.*, 482 Fed. Appx. 93, 95 (6th Cir. 2012)).

[32] *Polacek v. Comm'r of Soc. Sec.*, No. 5:16 CV 1504, 2017 WL 961040 (N.D. Ohio March 13, 2017).

there has been a finding of disability by the ALJ."[33] I concluded that it was not necessary to consider SSR 83-20 in any context because the ALJ in that case had already found no clinical signs of the claimant's slow progressing muscular dystrophy in the record even prior to the date last insured.[34]

Here, the ALJ affirmatively notes in the opinion that although Miller had alleged that he met Listing 14.07, which addresses immune deficiency disorders (other than HIV infection,[35] "the medical record does not support the claimant required hospitalization or intravenous treatment three times or more in a twelve month period prior to his date last insured."[36] The ALJ here pointedly observed that although Miller now states that he is receiving intravenous treatment every three weeks in his home, this "treatment occurred over two years after his date last insured."[37]

Therefore, much like the situation in *Polacek*, on the record findings by the ALJ that directly address the evidence in this case in light of a necessary component of a non-HIV autoimmune disorder show that if Miller's CVID did exist prior to the date last insured, it was not at a level of severity that would constitute a severe impairment. Accordingly, also

---

[33] *Id.* at *2.

[34] *Id.*

[35] *Galloway v. Comm'r of Soc. Sec.,* No. 1:11 CV 556, 2013 WL 1281629, at * * 4-5 (S.D. Ohio March 27, 2013).

[36] Tr. at 15.

[37] *Id.*

like *Polacek*, this finding by the current ALJ is "entirely consistent with a 'slowly progressive disease' in that a disease may well progress over a few months to where the impairment reaches a level of severity such that the Listing is met - but only after the DLI, in which case there is no remaining issue of disability to be determined."[38]

## Conclusion

Therefore, for the reasons stated, I find no error in the failure of the ALJ to call a medical expert, and further find that substantial evidence supports the decision of the Commissioner to deny benefits to Robert A. Miller. That decision is hereby affirmed.

IT IS SO ORDERED.


Dated: September 27, 2017               s/ William H. Baughman, Jr.
                                        United States Magistrate Judge

---

[38] *Polacek*, 2017 WL 961040, at *2.